**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS; ANGEL TORRES; HIPOLITO VASQUEZ; JANICE WHITE; ABC CORPORATIONS 1-10; JOHN & JANE DOES 1-10,<br><br>    Defendants. | Civil Action No. 15-1505 (ES) (JAD)<br><br><br>OPINION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff Anthony Williams' Motion for Leave to File an Amended Complaint. (ECF No. 11). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this issue. After having carefully considered the parties' submissions, and for the reasons stated below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

I.   **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**[1]

On December 4, 2014, Plaintiff, an airport operations agent, commenced this matter in the Superior Court of New Jersey, Essex County, alleging that Defendants JetBlue, Angel Torres, Hipolito Vasquez, and Janice White (collectively "Defendants") violated the Federal Family and Medical Leave Act ("FMLA") and the New Jersey Family Leave Act ("NJFLA"). (Compl., ECF

---

[1] The facts set forth in this section are taken from Plaintiff's original Complaint. (ECF No. 1-2).

No. 1-2). Specifically, Plaintiff argues that Defendants denied him excused leave, which he was entitled to under FMLA and NJFLA, to care for his ill wife, who had been diagnosed with lupus. (Id. ¶¶ 6, 25, 31). Plaintiff further contends that Defendants recorded leave that he took to care for his wife as either sick days or unexcused absences, and as a result, on December 6, 2012, Defendants wrongfully terminated him due to his perceived lack of "[d]ependabililty." (Id. ¶¶ 10, 13, 15, 16, 20, 21). In his original Complaint, Plaintiff alleged violations of the FMLA and NJFLA, as well as a claim for hostile work environment in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD"),[2] and a cause of action for intentional infliction of emotional distress. (Id. ¶¶ 24-53). Plaintiff alleged each cause of action against all Defendants. (Id.).

On February 27, 2015, Defendants removed this matter to federal court. (ECF No. 1). On March 6, 2015, Defendants elected to file an answer rather than a motion challenging the legal sufficiency of Plaintiff's claims. (ECF No. 2). This Court conducted an initial conference on May 21, 2015, and, on the same date, entered a Pretrial Scheduling Order, which, among other things, stated that "[a]ny motion to amend pleadings must be filed not later than 7/31/15." (ECF No. 10 at 3). Plaintiff timely filed his Motion to Amend on July 30, 2015. (ECF No. 11). At the parties' joint request, the Court postponed ruling on Plaintiff's Motion until after it had an opportunity to conduct a settlement conference. (ECF No. 13-14). Though the undersigned held a settlement conference on October 6, 2015, those efforts ultimately proved unsuccessful. Accordingly, the Court will now address Plaintiff's Motion to Amend, in which he primarily seeks to add a claim

---

[2] With regard to his NJLAD claim, Plaintiff alleges that he "suffered intentional harassment because of his wife's disability" and that Defendants' "alleged conduct would not have occurred but for his need for FMLA leave[.]" (Id. ¶¶ 40, 41).

2

for unlawful harassment and discrimination in violation of the NJLAD, as well as a handful of additional factual allegations.[3] (Proposed Am. Compl. ¶¶ 48-65, ECF No. 11-4).

## II. LEGAL STANDARD – MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No. , 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend. Grayson v. Mayview

---

[3] Plaintiff also included a new claim for violation of the Americans with Disabilities Act in his Proposed Amended Complaint. (Proposed Am. Compl., ¶¶ 36-47, ECF No. 11-4). However, as noted in both parties' submissions, Plaintiff has voluntarily agreed to withdraw that claim. (Def. Br. at 1 n.1, ECF No. 12; Pl.'s Reply Br. at 1 n.1, ECF No. 14). The Court will not, therefore, address that claim in this Opinion.

State Hosp., 292 F. 3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F. 3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

Here, Defendants challenge Plaintiff's proposed NJLAD claim on "futility" grounds. A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that Defendants bear the burden of establishing that Plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, No. 05-1771 (JLL), 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. Feb. 11, 2013).

### III. DISCUSSION

Because Defendants bear the burden of establishing that Plaintiff's proposed Amended Complaint is futile, the Court will analyze their arguments in turn. Defendants first contend that Plaintiff's proposed NJLAD claim is futile because it is barred by the applicable the statute of limitations. (Def. Br. at 3, ECF No. 12). Specifically, Defendants assert that disability discrimination claims under the NJLAD are subject to a two-year statute of limitations, and that the last allegedly discriminatory act described in the Proposed Amended Complaint took place on December 6, 2012. (Id.). Noting that Plaintiff did not seek leave to amend until July 30, 2015, Defendants contend that his new, proposed NJLAD claim is time-barred and consequently futile. (Id.).

Plaintiff argues that, even assuming arguendo that his proposed NJLAD claim would otherwise be time-barred, that claim relates back to the date he filed the original Complaint, pursuant to Federal Rule of Civil Procedure 15(c). (Pl.'s Reply Br. at 2, ECF No. 14). That Rule provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). As such, relation back is appropriate if the original and amended complaints "state claims that are tied to a common core of operative facts[.]" Mayle v. Felix, 545 U.S. 644, 664 (2005); see also Greaves v. Gap, Inc., No. 11-6283 (SDW), 2013 U.S. Dist. LEXIS 8938 (D.N.J. Jan. 23, 2013) ("Under Rule 15(c), the amendment must be supported by facts of the same time and type as the original pleading.") (internal citations omitted). The "relation back" doctrine is premised on the concept of fair notice. Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012). Accordingly, if the amendment arises out of the same operative facts, the nonmoving party

"has been given all the notice that the statute of limitations was intended to provide," id. at 146 (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148-49, (1984)), and the relation back doctrine will apply.

Defendants contend that this Court should decline to apply to relation back doctrine with regard to Plaintiff's proposed claim, as Plaintiff's original Complaint did not allege facts providing fair notice concerning that cause of action. (Def. Br. at 4-5, ECF No. 12). Particularly, Defendants argue that "neither the original Complaint nor Plaintiff's proposed Amended Complaint asserts any facts which allege that Plaintiff suffered discrimination on the basis of his association with a person with a known disability" and "[a]ccordingly, Plaintiff's original pleading did not place JetBlue on notice of his disability discrimination claim." (Id.). This Court disagrees. The salient issue here is whether Plaintiff's proposed NJLAD claim "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). To that end, the Court notes that, in support of the hostile work environment claim under the NJLAD set forth in his original Complaint, Plaintiff alleged that he "suffered intentional harassment because of his wife's disability" and that "the alleged conduct would not have occurred but for his need for FMLA leave[.]" (Compl. ¶¶ 40, 41, ECF No. 1-2). Plaintiff's proposed NJLAD claim consequently appears to arise out of the same operative facts as Plaintiff's hostile work environment claim and therefore relates back to the December 4, 2014 filing date of the original Complaint. Defendants do not contend that Plaintiff's NJLAD claims would be time-barred if filed on that date. The Court thus rejects Defendants' argument that Plaintiff's proposed NJLAD claim would be futile as barred by the applicable statute of limitations.

Defendants also argue, in passing in a footnote, that Plaintiff's proposed NJLAD claim is inapplicable to Defendants Torres, Vasquez, and White because that statute does not allow for

individual liability. (Def. Br. at 5 n.6, ECF No. 12). Defendants assert that, if anything, each individual Defendant can only be subject to "aider-and-abettor" individual liability, which Plaintiff has not expressly asserted. (Id.). Defendants further maintain that, even if the Court finds that Plaintiff has adequately invoked such a theory, Defendant Torres cannot be liable because he is a nonsupervisory employee, and therefore cannot be subject to even aider-and-abettor-type individual liability. (Id.). Plaintiff did not address these arguments in his reply. (See generally ECF No. 14). The Court reasons, without deciding, that while Defendants' argument may eventually prove valid, it is premature at this juncture. The only claim currently before the Court is Plaintiff's proposed additional cause of action under the NJLAD. The Court notes that Plaintiff previously filed a NJLAD claim (alleging that Defendants created a hostile work environment) against all Defendants in his original Complaint, and Defendants opted to file an answer rather than challenging the legal sufficiency of that pleading. Therefore, regardless of how the Court resolves this motion, Defendants would still face a claim seeking to impose individual liability against them under the NJLAD. Defendants will ostensibly seek to engage in dispositive motion practice asserting similar arguments with regard to Plaintiff's existing NJLAD claim. Thus, in the interest of judicial economy, and in light of the fact that nothing in the record suggests that the addition of Plaintiff's new NJLAD claim will require Defendants to engage in additional discovery or suffer any other legitimate prejudice, the Court declines to address this issue now. Defendants may challenge the legal sufficiency of all of Plaintiff's NJLAD claims at a more appropriate juncture (i.e., at the same time, rather than in a piecemeal fashion). In light of the foregoing, and in the interests of justice, the Court will grant Plaintiff's motion for leave to file an amended pleading.

Finally, Defendants contend that the Court should award them attorneys' fees as a sanction because Plaintiff's Motion is "frivolous, in bad faith, and thus, futile as a matter of law[.]" (Def. Br. at 5, ECF No. 12). Notwithstanding the fact that Defendants have not established that they have themselves complied with the procedural requirements of Federal Rule of Civil Procedure 11, the Court finds that Plaintiff's motion is neither "frivolous" nor "in bad faith." Indeed, the Court is granting Plaintiff's application. Defendants' request for sanctions is therefore denied.

## IV.     CONCLUSION

Based on the foregoing findings, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. While Plaintiff may file a First Amended Complaint in the form annexed to the Certification of Jennifer Passannante, Esq. as Exhibit A, (ECF No. 11-4), he must remove his proposed Count III (asserting a claim for violation of the Americans with Disabilities Act) from any such amended pleading, as he expressly agreed to withdraw that proposed claim. Therefore, to the extent Plaintiff originally sought leave to add a claim under the Americans with Disabilities Act, that portion of his motion is **DENIED AS MOOT**. The Court **GRANTS** the balance of Plaintiff's motion. An Order consistent with the terms of this Opinion will follow.

_____  12/9/15
JOSEPH A. DICKSON, U.S.M.J.

Cc: Hon. Esther Salas, U.S.D.J.